**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **HELEN UMEADI,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-26-02873** |
| **CATHOLIC CHARITIES OF BALTIMORE, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Helen Umeadi ("Plaintiff"), who is self-represented, filed a complaint in state court against her former employer, Catholic Charities of Baltimore ("Catholic Charities"), and a Catholic Charities employee, Alyscia Smith (collectively "Defendants"), stating, "[t]his action is brought under Title VII of the Civil Rights Act of 1964 and Maryland FEPA for retaliatory wrongful termination and a hostile work environment." ECF 2 at 3. Defendants removed the case to this Court. ECF 1. Two motions are currently pending: Plaintiff's Motion to Remand to State Court, ECF 8, and Defendants' Motion to Dismiss, ECF 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Plaintiff's Motion for Remand will be DENIED and Defendants' Motion to Dismiss will be GRANTED. Plaintiff's Complaint will be dismissed without prejudice.

## I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Complaint and its attachments and are taken as true for the purposes of assessing the motion to dismiss. ECF 2. Plaintiff worked for

Catholic Charities for sixteen years as a "DSP 2 Lead Staff Member." ECF 2-2 at 1. During her tenure, she received promotions and took on managerial responsibilities. *Id.*

Plaintiff's manager (identified as "Tammie") sought to undermine her work because she perceived Plaintiff as a direct threat to her position. *Id.* When Plaintiff reported Tammie's conduct to Defendant Smith, who served as "Director" and was Plaintiff's direct supervisor at the time, Defendant Smith breached confidentiality and relayed the complaints back to Tammie. *Id.* Tammie also "bypass[ed] security protocols to search through Plaintiff's private, locked work cabinet without authorization," and Defendant Smith "refused to intervene." *Id.* at 2. Tammie also "unauthorizedly accessed and utilized the Plaintiff's personal company email credentials" and "falsified corporate metrics by submitting artificial 'Cheers' commendations to herself and [Defendant Smith]" from Plaintiff's account. *Id.*

On October 20, 2024, Plaintiff reported to Defendant Smith that a co-worker, Annia, was "actively plotting a malicious workplace 'setup' against her." *Id.* Smith took no action. *Id.* On or about May 6, 2025, Annia filed a "completely fabricated" report alleging that Plaintiff had committed misconduct with respect to a client, Pat, that morning. *Id.* at 3. Ten minutes before the conclusion of Plaintiff's shift, the manager demanded a written statement from Plaintiff, immediately suspended her, and transported Pat to the hospital. ECF 2 at 1. Police also visited Pat at the residential facility, but both the hospital and the police found no evidence that Pat had been abused. *Id.* at 1–2. Pat was discharged back to the facility, and no charges were brought against Plaintiff. ECF 2-2 at 3–4. Nevertheless, Catholic Charities terminated Plaintiff's employment. *Id.* at 4.

On a prior occasion, Pat suffered "multiple severe leg fractures requiring serious surgical intervention" and permanent injury while supervised by two other residential staff members. *Id.* at

3. Plaintiff identifies those staff members as "Denise, who is African American, and Ms. Elizabeth, who is African/Nigerian." *Id.* After investigation by HR, HR "cleared and fully reinstated both staff members with back pay. *Id.*

## II. MOTION TO REMAND

Plaintiff seeks remand to state court, alleging that "Plaintiff's action principally arises out of state law claims." ECF 8 at 1. That assertion is belied by her Complaint, which specifically asserts that her claim is "brought under Title VII of the Civil Rights Act of 1964," ECF 2 at 3, a federal statute. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants[] to the district court." 28 U.S.C. § 1441(a). Because district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and because Plaintiff's claim is brought under a federal statute, this case was properly removed to this Court. Plaintiff's Motion to Remand will be denied.

## III. MOTION TO DISMISS

### A. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th

Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in the judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting a self-represented plaintiff's

argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

**B. ANALYSIS**

Plaintiff asserts claims of discrimination, retaliation, and hostile work environment under Title VII and FEPA. Each category is addressed below.

**1. Discrimination Claims**

Title VII and FEPA protect employees from discrimination on the basis of race, color, religion, sex, and national origin. *See* 42 U.S.C. § 2000e–2(a)(1); Md. Code Ann., State Gov't § 20-606(a)(1)(i) (adding additional protected classes such as age, marital status, sexual orientation, gender identity, genetic information, and disability)). To state a claim for discrimination, a plaintiff must allege facts to "support a reasonable inference that the decisionmakers were motivated by bias" prohibited by those statutes. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 586 (4th Cir. 2015).

Plaintiff has failed to state a plausible discrimination claim, in part because her complaint neither alleges that she is a member of any protected class nor alleges discrimination on the basis of that class. In her opposition to Defendants' Motion to Dismiss, Plaintiff describes herself as "a Black woman of foreign national origin."[1] ECF 11 at 2. That assertion cannot be considered by this Court for the purposes of adjudicating this motion because it did not appear in Plaintiff's Complaint. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (explaining that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"). But even if that

[1] This Court notes that the only comparators Plaintiff references, Denise and Ms. Elizabeth, appear to share at least some protected characteristics with Plaintiff (if her self-identification were to be considered). *See* ECF 2-2 at 3 (describing Denise as "African American" and Ms. Elizabeth as "African/Nigerian").

assertion had appeared in the Complaint, simply pleading membership in a protected class is not enough. Plaintiff would either have to allege facts establishing direct evidence of status-based discrimination (such as overtly discriminatory statements) or, otherwise, her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). Because Plaintiff has not pleaded any facts suggestive of discrimination on the basis of membership in a protected class, her discrimination claims must be dismissed.

**2. Retaliation**

In order to establish a prima facie Title VII (or FEPA) retaliation claim, a plaintiff must demonstrate three elements: "(1) that [he] engaged in a protected activity, as well as (2) that [his] employer took an adverse employment action against [him], and (3) that there was a causal link between the two events." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (en banc) (internal quotation marks omitted). An employee has engaged in a protected activity when she has "opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e–3(a). "When an employee communicates to her employer a belief that the employer has engaged in ... a form of employment discrimination, that communication virtually always constitutes the employee's opposition to the activity." *Crawford v. Metro. Govt. of Nash. and Davidson Cnty.*, 555 U.S. 271, 276 (2009) (internal quotation marks omitted) (citing 2 EEOC Compliance Manual §§ 8–I–B(1), (2), p. 614:0003 (Mar. 2003)).

Plaintiff has not alleged that she reported any workplace discrimination prohibited by Title VII or FEPA. She instead alleges that she was retaliated against for reporting to her supervisors that Annia planned a "malicious workplace setup." ECF 2 ¶¶ 3–4. But "[m]erely complaining in

general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient to constitute protected activity under Title VII." *Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 719 (4th Cir. 2024) (internal citation omitted).

Further, Plaintiff has not pleaded a plausible causal link between her report of Annia's alleged plot in October, 2024, and her termination seven months later in May, 2025. Under Fourth Circuit law, "the gap between the protected activity and the adverse employment action can generally be no longer than two months." *Barnhill v. Bondi*, 138 F.4th 123, 132 (4th Cir. 2025). Plaintiff offers no other facts to establish a causal connection. Thus, even if Plaintiff's October, 2024 report could constitute protected activity, the absence of a causal link would require dismissal of her retaliation claim.

**3. Hostile Work Environment**

A hostile work environment claim requires a plaintiff to show "(1) unwelcome conduct; (2) that is based on the plaintiff's … [protected class]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer-Liberto*, 786 F.3d at 277 (quoting *Okoli v. City of Balt*., 648 F.3d 216, 220 (4th Cir. 2011)). Simple mistreatment, unfair decision-making, or rude conduct does not suffice to support a hostile work environment claim. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008) (concluding that "complaints premised on nothing more than rude treatment by [coworkers], callous behavior by [one's] superiors, [or] a routine difference of opinion and personality conflict with [one's] supervisor" do not suffice to state a claim) (internal citations and quotation marks omitted); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (finding a workplace dispute and "some perhaps callous behavior by her superiors" insufficient for a plaintiff to establish severe or pervasive activity, even

at the Rule 12(b)(6) stage); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 614 (D. Md. 2003) (determining that "disrespectful, frustrating, critical, and unpleasant" workplace interactions do not create a hostile work environment).

As noted above, Plaintiff does not identify herself as a member of any protected class in her Complaint. The mistreatment she alleges at the hands of management is entirely untethered from her race, color, gender, or national origin. For example, she does not allege that any comments were made about her status in any protected class or establish that the alleged unfair treatment resulted from her protected characteristics. To the contrary, Plaintiff expressly pleads that Tammie took various actions against her because she perceived Plaintiff as a "direct threat[] to her position," ECF 2-2 at 1, and because she "grew deeply resentful of the direct, highly successful professional reporting relationship that the Plaintiff had developed with [Defendant Smith] while running the shifts," ECF 2-3 at 1. Accordingly, Plaintiff has not alleged "severe" or "pervasive" abuse on the basis of her protected status sufficient to state a claim for hostile work environment, even given her dissatisfaction with the way she was treated by management.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand, ECF 8, is DENIED and Defendants' Motion to Dismiss, ECF 9, is GRANTED without prejudice. This case will be closed, subject to reopening should Plaintiff file a motion for leave to file an amended complaint within thirty days of the date of this opinion in accordance with the Local Rules of this Court. A separate Order follows.

Dated: September 11, 2026

/s/
Stephanie A. Gallagher
United States District Judge